:edward william, *sui juris*
Care of: general post office
buncombe the county
fletcher: the community
north carolina: the land

FILED
ASHEVILLE, N.C.

JUL 2 8 2008

U.S. DISTRICT COURT
W. DIST. OF N.C.

The one supreme court for the county land for the commonwealth Yisra'el
for the judicial district

TO NOTICE: U.S. DISTRICT COURT WESTERN DISTRICT OF NORTH CAROLINA
(ASHEVILLE): a private foreign corporation

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> FICTITIOUS PLAINTIFF, FOREIGN CORP. ) <br> ) <br> v. ) <br> ) <br> Edward William Wahler ) <br> ) <br> Non corporation defendant in Error, ) <br> ) <br> edward william ) <br> (real party in interest) ) <br> ) <br> ) | Case No. 1:08-cr-00055-RLV-DCK-2 <br><br><br><br> NOTICE AND DEMAND: <br> WRIT OF ERROR CORAM NOBIS <br> DEMAND FOR DISMISSAL <br> FOR LACK OF JURISDICTION |

**Notice:** The use of statutes and Court Cases decisions are for the simple use of identifying the admissions of the United States and the officers for the United States. There shall be no presumed or assumed implication that the steward or the county are claiming a right of use, a change of law form or a change of jurisdiction. These being limitations and restraints placed upon yourselves by your own admissions, a result of man's law being inferior to the Law established by the Creator.

    **COMES NOW,** :edward william, a non-corporate, natural born, living breathing man, on the soil, *sui juris*, with clean hands, *rectus in curia*, and hereby NOTICES this court of FATAL DEFECTS and ERRORS, and hereby DEMANDS, by *IN CAPITA* Sovereign Body Authority, that the above captioned case be DISMISSED WITH PREJUDICE [OR REVERSED] for lack of jurisdiction.

> "...where any state proceeds against a private individual in a judicial forum it is well settled that the state, county, municipality, etc. waives any immunity to counters, cross claims and complaints, by direct or collateral means regarding the matters involved." *Luckenback v. The Thekla*, 295 F 1020, 226 U.S. 328; *Lyders v. Lund*, 32 F2d 308; *Dexter v. Kunglig J.*, 43 F2d 705, 282 US 896; *U.S. v. N.C.B.N.Y.*, 83 F2d 236, 106 ALR 1235, affirmed; *Russia v. BTC*, 4 F Supp 417, 299 U.S. 563.

This doctrine includes, but is not limited to, challenges to personal, subject matter and territorial jurisdiction, as well as to claims that the forum is not judicial in nature but merely administrative or that the court is proceeding, improperly, against a private individual under the rebuttable presumption that the private individual is a corporate entity or an artificial person upon which the Public Statutes operate.

Furthermore, it is undisputed that the state itself is acting in its capacity as a commercial entity and is liable for damages.

> "The state may nevertheless be held liable where the injurious activity was 'proprietary' rather than 'governmental', i.e., where the injury was caused by the state acting in its capacity as a commercial entity rather than that of sovereign."

## NOTICE

**This court, pursuant to Federal Rules of Civil Procedure (FRCP) Rule 4 (j), is, in fact and in law, a FOREIGN STATE as defined in 28 USC §1602, *et. seq.*, the FOREIGN SOVEREIGN IMMUNITY ACT of 1976, Pub. L. 94-583 (hereafter FSIA), and, therefore, lacks jurisdiction in the above captioned case. The above-mentioned "real party in interest," also a FOREIGN STATE, hereby demands full disclosure of the true and limited jurisdiction of this court.**

Any failure or refusal to disclose the true jurisdiction is a violation of 15 Statutes at Large, Chapter 249 (section 1), enacted July 27, 1868.

### Chap. CCXLIX. -- An Act concerning the Rights of American Citizens in foreign States

Whereas the rights of expatriation is a nature and inherent right of all people, indispensable to the enjoyment of the rights of life, liberty, and the pursuit of happiness; and whereas in the recognition of this principle this government has freely received emigrants from all nations, and invested them with the right of citizenship; and whereas it is claimed that such American citizens, with their descendants, are subjects of foreign states, owing allegiance to the government thereof; and whereas it is necessary to the maintenance of public peace that this claim of foreign allegiance should be promptly and finally disavowed; Therefore,

Be it enacted by the Senator and the House of Representatives of the United States of American in Congress assembled, that any declaration, instruction, opinion, order, or decision, of any officers of its government which denies, restricts, impairs or questions the rights of expatriation, is hereby declared inconsistent with the fundamental principles of this government.

As an America Citizen and as a belligerent claimant, I hereby claim the right of immunity inherent in the 11th amendment. The judicial power shall not be construed to extend to any suit in law or equity, commenced or prosecuted by a Foreign State. This court, by definition a FOREIGN STATE, is misusing the name of this Sovereign America Citizen by placing it in all capital letters, misusing my last name, and referring to me, erroneously, as a "person," which is a "term of art" meaning a creature of the law, an artificial being, and a CORPORATION or an *ens legis:*

> "*Ens Legis.* L. Lat. A creature of the law; an artificial being, as contrasted with a natural person. Applied to corporations, considered as deriving their existence entirely from the law."
> --Blacks Law Dictionary, Fourth Edition, 1951.

All complaints and suits against such CORPORATION or *ens legis* fall under the aforementioned FSIA and service of process must be made by the clerk of the court, under section 1608(a)(4) of title 28, United States Code, 63 Stat. 111, as amended (22 U.S.C. 2658) [42 FR 6367, Feb. 2, 1977, as amended at 63 FR 16687, Apr. 6, 1998], to the Director of the Office of Special Consular Services in the Bureau of Consular Affairs, Department of State, in Washington, D.C., exclusively, pursuant to 22 CFR §§93.1 and 93.2. A copy of the FSIA must be filed with the complaint along with "a certified copy of the diplomatic note of transmittal;" and, "the certification shall state the date and place the documents were delivered." The foregoing must be served upon the Chief Executive Officer and upon the Registered Agent of the designated CORPORATION or FOREIGN STATE.

MUNICIPAL, COUNTY, OR STATE COURTS lack jurisdiction to hear any case under the definition of FOREIGN STATE and under all related definitions below. Said jurisdiction lies with the "district court of the United States," established by Congress in the states under Article III of the Constitution, which are "constitutional courts" and has not included the territorial courts created under Article IV, Section 3, Clause 2, which are "legislative" courts. *Hornbuckle v. Toombs*, 85 U.S. 648, 21 L.Ed. 966 (1873), (See Title 28 USC, Rule 1101), exclusively, under the FSIA Statutes pursuant to 28 USC §1330.

It is an undisputed, conclusive presumption that the above-mentioned real party in interest is a not a CORPORATION who is not registered with any Secretary of State as a CORPORATION. Pursuant to Rule 12(b)(6), the Prosecuting Attorney has failed to state a claim for which relief can be granted. This is a FATAL DEFECT, and, therefore, the instant case and all related matters must be DISMISSED WITH PREJUDICE for lack of *in personam*, territorial and subject matter jurisdiction, as well as for improper Venue; and, pursuant to the 11th amendment.

**Moreover, the process in the above-captioned case is not "regular on its face:"**

<u>Regular on its Face</u> -- "Process is said to be "regular on its face" when it proceeds from the court, officer, or body having authority of law to issue process of that nature, and which is legal in form, and contains nothing to notify, or fairly apprise any one that it is issued without authority,"

## TABLE OF DEFINITIONS

**Foreign Court**
The courts of a foreign state or nation. In the United States, this term is frequently applied to the courts of one of the States when their judgment or records are introduced in the courts of another.

**Foreign jurisdiction**
Any jurisdiction foreign to that of the forum; e.g., a sister state or another country. Also, the exercise by a state or nation jurisdiction beyond its own territory. Long arm service of process is a form of such foreign or extraterritorial jurisdiction

**Foreign laws**
The laws of a foreign country, or of a sister state. In conflict of law, the legal principles of jurisprudence which are part of the law of a sister state or nation. Foreign laws are additions to our own laws, and in that respect are called *"jus receptum."*

**Foreign corporation**
A corporation doing business in one State though chartered or incorporated in another state is a foreign corporation as to the first state, and, as such, is required to consent to certain conditions and restriction in order to do business in such first state. Under federal tax laws, a foreign corporation is one which is not organized under the law of one of the States or Territories of the United States. I.R.C. § 7701 (a) (5). Service of process on foreign corporation is governed by the Fed. R. Civ. P. 4 See also Corporation.

**Foreign service of process**
Service of process for the acquisition of jurisdiction by a court in the United States upon a person in a foreign country is prescribed by Fed R. Civ. P. 4 (i) and 28 U.S.C.A. § 1608. Service of process on foreign corporation is governed by Fed. R. Civ. P. 4(d) (3).

**Foreign states**
Nations which are outside the United States. Term may also refer to another state; i.e. a sister state.

**Foreign immunity**
With respect to jurisdiction immunity of foreign nations, see 28 U.S.C.A §1602 *et seq*.

**Profiteering**
Taking advantage of unusual or exceptional circumstance to make excessive profit; e.g. selling of scarce or essential goods at inflated price during time of emergency or war.

**Person**
In general usage, a human being (i.e. natural person) though by statute the term may include a firm, labor organizations, partnerships, associations, corporations, legal representative, trusts, trustees in bankruptcy, or receivers. National Labor Relations Act, §2(1).

A corporation is a "person" within meaning of equal protection and due process provisions of the United States Constitution.

**Writ of error** *coram nobis*
A common-law writ, the purpose of which is to correct a judgment in the same court in which it was rendered, on the ground of error of fact, for which it was statutes provides no other remedy, which fact did not appear of record, or was unknown to the court when judgment was pronounced, and which, if known would have prevented the judgment, and which was unknown, and could of reasonable diligence in time to have been otherwise presented to the court, unless he was prevented from so presenting them by duress, fear, or other sufficient cause.

> **"A writ of error** *coram nobis* **is a common-law writ of ancient origin devised by the judiciary, which constitutes a remedy for setting aside a judgment which for a valid reason should never have been rendered." --24 C.J.S., Criminal Law. § 1610 (2004).**
>
> **"The principal function of the writ of error** *coram nobis* **is to afford to the court in which an action was tried an opportunity to correct its own record with reference to a vital fact not known when the judgment was rendered, and which could not have been presented by a motion for a new trial, appeal or other existing statutory proceeding."**
> --Black's Law Dictionary., 3rd ed., p. 1861; 24 C.J.S., Criminal Law, § 1606 b., p. 145; *Ford v. Commonwealth*, 312 Ky. 718, 229 S.W.2d 470.

At common law in England, it issued from the Court of Kings Bench to a judgment of that court. Its principal aim is to afford the court in which an action was tried and opportunity to correct it own

record with reference to a vital fact not known when the judgment was rendered. It is also said that at common law it lay to correct purely ministerial errors of the officers of the court.

## Declaration for Status

The above-mentioned "real party in interest" hereby declares the status of a "foreign state" as defined in 28 USC 1331(b)(1), "a separate legal person, corporate or otherwise," (in the instant case, "otherwise"), (b)(2) "an organ (a vital part) of a foreign state" and (b)(3), "neither a citizen of a State of the United States as defined in section 1332(c)" (a corporation, an insurer, or the legal representative of a decedent, an infant or an incompetent), "nor created under the laws of any third country." Furthermore, the above-mentioned "real party in interest" is not an artificial, corporate "person" as defined by statute, but is invested with and bears the status, condition and character of "a sovereign without subjects."

## Table of Authorities – Person

"This word `person' and its scope and bearing in the law, involving, as it does, legal fictions and also apparently natural beings, it is difficult to understand; but it is absolutely necessary to grasp, at whatever cost, a true and proper understanding to the word in all the phases of its proper use . . . A person is here not a physical or individual person, but the status or condition with which he is invested . . . not an individual or physical person, but the status, condition or character borne by physical persons . . . The law of persons is the law of status or condition." -- American Law and Procedure, Vol 13, page 137, 1910.

"The sovereignty of a state does not reside in the **persons** who fill the different departments of its government, but in the **People** from whom the government emanated; and they may change it at their discretion. Sovereignty, then in this country, abides with the constituency, and not with the agent; and this remark is true, both in reference to the federal and state government." (Persons are not people).
--*Spooner v. McConnell*, 22 F 939, 943:

"Our government is founded upon compact. Sovereignty was, and is, in the people"
--*Glass v. Sloop Betsey*, supreme Court, 1794.

"People of a state are entitled to all rights which formerly belong to the King, by his prerogative."
--supreme Court, *Lansing v. Smith*, 1829.

"The United States, as a whole, emanates from the people ... The people, in their capacity as sovereigns, made and adopted the Constitution ..." --supreme Court, 4 Wheat 402.

"The governments are but trustees acting under derived authority and have no power to delegate what is not delegated to them. But the people, as the original fountain might take away what they have delegated and entrust to whom they please. ... The sovereignty in every state resides in the people of the state and they may alter and change their form of government at their own pleasure."
--*Luther v. Borden*, 48 US 1, 12 LEd 581.

"While sovereign powers are delegated to ... the government, sovereignty itself remains with the people"
--*Yick Wo v. Hopkins*, 118 U.S. 356, page 370.

"There is no such thing as a power of inherent sovereignty in the government of the United States .... In this country sovereignty resides in the people, and Congress can exercise no power which they have not, by their Constitution entrusted to it: All else is withheld." -- *Julliard v. Greenman*, 110 U.S. 421.

"In common usage, the term 'person' does not include the sovereign, and statutes employing the word are ordinarily construed to exclude it." -- *Wilson v. Omaha Indian Tribe* 442 US 653, 667 (1979).

"Since in common usage the term `person' does not include the sovereign, statutes employing that term are ordinarily construed to exclude it." -- *U.S. v. Cooper*, 312 US 600,604, 61 SCt 742 (1941).

"In common usage, the term `person' does not include the sovereign and statutes employing it will ordinarily not be construed to do so." -- *U.S. v. United Mine Workers of America*, 330 U.S. 258, 67 SCt 677 (1947).

"Since in common usage, the term `person' does not include the sovereign, statutes employing the phrase are ordinarily construed to exclude it." -- *US v. Fox* 94 US 315.

"In common usage the word `person' does not include the sovereign, and statutes employing the word are generally construed to exclude the sovereign."
-- *U.S. v. General Motors Corporation*, D.C. Ill, 2 F.R.D. 528, 530:

"**The word `person' in legal terminology is perceived as a *general word*** which normally includes in its scope a variety of entities other than human beings.,
--*Church of Scientology v. US Department of Justice* 612 F2d 417, 425 (1979).

"**The people, or sovereign are not bound by *general words* in statutes**, restrictive of prerogative right, title or interest, unless expressly named. Acts of limitation do not bind the King or the people. The people have been ceded all the rights of the King, the former sovereign ... It is a maxim of the common law, that when an act is made for the common good and to prevent injury, the King shall be bound, though not named, but when a statute is general and prerogative right would be divested or taken from the King [or the people] he shall not be bound." -- *The People v. Herkimer*, 4 Cowen (NY) 345, 348 (1825):

"In the United States, sovereignty resides in people." --*Perry v. U.S.* (294 US 330).

"A Sovereign is exempt from suit, not because of any formal conception or obsolete theory, but on the logical and practical ground that there can be no legal Right as against the authority that makes the law on which the Right depends."
--*Kawananakoa v. Polyblank*, 205 U.S. 349, 353, 27 S. Ct. 526, 527, 51 L. Ed. 834 (1907).

### Table of Authorities – Subject Matter Jurisdiction

In a court of limited jurisdiction, whenever a party denies that the court has subject-matter jurisdiction, it becomes the duty and the burden of the party claiming that the court has subject matter jurisdiction to provide evidence from the record of the case that the court holds subject-matter jurisdiction. *Bindell v City of Harvey*, 212 Ill.App.3d 1042, 571 N.E.2d 1017 (1st Dist. 1991) ("the burden of proving jurisdiction rests upon the party asserting it.").

Until the plaintiff submits uncontroversial evidence of subject-matter jurisdiction to the court that the court has subject-matter jurisdiction, the court is proceeding without subject-matter jurisdiction. *Loos v American Energy Savers, Inc.*, 168 Ill.App.3d 558, 522 N.E.2d 841(1988)("Where jurisdiction is contested, the burden of establishing it rests upon the plaintiff.").

The law places the duty and burden of subject-matter jurisdiction upon the plaintiff. Should the court attempt to place the burden upon the defendant, the court has acted against the law, violates the

defendant's due process rights, and the judge under court decisions has immediately lost subject-matter jurisdiction. In a court of limited jurisdiction, the court must proceed exactly according to the law or statute under which it operates. *Flake v Pretzel*, 381 Ill. 498, 46 N.E.2d 375 (1943) ("the actions, being statutory proceedings, ...were void for want of power to make them.") ("The judgments were based on orders which were void because the court exceeded its jurisdiction in entering them. Where a court, after acquiring jurisdiction of a subject matter, as here, transcends the limits of the jurisdiction conferred, its judgment is void."); *Armstrong v Obucino*, 300 Ill. 140, 143, 133 N.E. 58 (1921) ("The doctrine that where a court has once acquired jurisdiction it has a right to decide every question which arises in the cause, and its judgment or decree, however erroneous, cannot be collaterally assailed, is only correct when the court proceeds according to the established modes governing the class to which the case belongs and does not transcend in the extent and character of its judgment or decree the law or statute which is applicable to it." *In Interest of M.V.*, 288 Ill.App.3d 300, 681 N.E.2d 532 (1st Dist. 1997) ("Where a court's power to act is controlled by statute, the court is governed by the rules of limited jurisdiction, and courts exercising jurisdiction over such matters must proceed within the strictures of the statute."); *In re Marriage of Milliken*, 199 Ill.App.3d 813, 557 N.E.2d 591 (1st Dist. 1990) ("The jurisdiction of a court in a dissolution proceeding is limited to that conferred by statute."); *Vulcan Materials Co. v. Bee Const. Co., Inc.*, 101 Ill.App.3d 30, 40, 427 N.E.2d 797 (1st Dist. 1981) ("Though a court be one of general jurisdiction, when its power to act on a particular matter is controlled by statute, the court is governed by the rules of limited jurisdiction.").

"There is no discretion to ignore that lack of jurisdiction." *Joyce v. US*, 474 F2d 215.

"A universal principle as old as the law is that a proceedings of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property." *Norwood v. Renfield*, 34 C 329; *Ex parte Giambonini*, 49 P. 732.

"Jurisdiction is fundamental and a judgment rendered by a court that does not have jurisdiction to hear is void ab initio." In Re Application of Wyatt, 300 P. 132; Re Cavitt, 118 P2d 846.

"Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it assumes to act, its proceedings are absolutely void in the fullest sense of the term." *Dillon v. Dillon*, 187 P 27.

"A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." *Rescue Army v. Municipal Court of Los Angeles*, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409.

"A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction." *Wuest v. Wuest,* 127 P2d 934, 937.

"Where a court failed to observe safeguards, it amounts to denial of due process of law, court is deprived of juris." *Merritt v. Hunter*, C.A. Kansas 170 F2d 739. "the fact that the petitioner was released on a promise to appear before a magistrate for an arraignment, that fact is circumstance to be considered in determining whether in first instance there was a probable cause for the arrest." *Monroe v. Papa*, DC, Ill. 1963, 221 F Supp 685.

"Jurisdiction, once challenged, is to be proven, not by the court, but by the party attempting to assert jurisdiction. The burden of proof of jurisdiction lies with the asserter." See *McNutt v. GMAC*, 298 US 178. The origins of this doctrine of law may be found in *Maxfield's Lessee v. Levy*, 4 US 308.

"A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." *Rescue Army* v. *Municipal Court of Los Angeles*, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409.

"Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." *Melo* v. *US*, 505 F2d 1026.

"The law provides that once State and Federal jurisdiction has been challenged, it must be proven."
--*Main v. Thiboutot*, 100 S. Ct. 2502 (1980).

"Once jurisdiction is challenged, it must be proven." --*Hagens v. Lavine*, 415 U.S. 533.

"Where there is absence of jurisdiction, all administrative and judicial proceedings are a nullity and confer no right, offer no protection, and afford no justification, and may be rejected upon direct collateral attack." --*Thompson v. Tolmie*, 2 Pet. 157, 7 L.Ed. 381; *Griffith v. Frazier*, 8 Cr. 9, 3L. Ed. 471.

"No sanctions can be imposed absent proof of jurisdiction."
--*Standard v. Olsen*, 74 S. Ct. 768; Title 5 U.S.C., Sec. 556 and 558 (b).

"The proponent of the rule has the burden of proof." --Title 5 U.S.C., Sec. 556 (d).

"Jurisdiction can be challenged at any time, even on final determination."
--*Basso v. Utah Power & Light Co.*, 495 2nd 906 at 910.

"Mere good faith assertions of power and authority (jurisdiction) have been abolished."
--*Owens v. The City of Independence,*

"A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction." --*Wuest* v. *Wuest*, 127 P2d 934, 937.

"In a court of limited jurisdiction, whenever a party denies that the court has subject-matter jurisdiction, it becomes the duty and the burden of the party claiming that the court has subject matter jurisdiction to provide evidence from the record of the case that the court holds subject-matter jurisdiction."
--*Bindell v City of Harvey*, 212 Ill.App.3d 1042, 571 N.E.2d 1017 (1st Dist. 1991) ("the burden of proving jurisdiction rests upon the party asserting it.").

"Until the plaintiff submits uncontroversial evidence of subject-matter jurisdiction to the court that the court has subject-matter jurisdiction, the court is proceeding without subject-matter jurisdiction."
--*Loos v American Energy Savers, Inc.*, 168 Ill.App.3d 558, 522 N.E.2d 841(1988)("Where jurisdiction is contested, the burden of establishing it rests upon the plaintiff.").

The law places the duty and burden of subject-matter jurisdiction upon the plaintiff. Should the court attempt to place the burden upon the defendant, the court has acted against the law, violates the defendant's due process rights, and the judge under court decisions has immediately lost subject-matter jurisdiction. In a court of limited jurisdiction, the court must proceed exactly according to the law or statute under which it operates. --*Flake v Pretzel*, 381 Ill. 498, 46 N.E.2d 375 (1943) ("the actions, being statutory proceedings, ...were void for want of power to make them.") ("The judgments were based on orders which were void because the court exceeded its jurisdiction in entering them. Where a court, after

acquiring jurisdiction of a subject matter, as here, transcends the limits of the jurisdiction conferred, its judgment is void."); *Armstrong v Obucino*, 300 Ill. 140, 143, 133 N.E. 58 (1921) "The doctrine that where a court has once acquired jurisdiction it has a right to decide every question which arises in the cause, and its judgment or decree, however erroneous, cannot be collaterally assailed, is only correct when the court proceeds according to the established modes governing the class to which the case belongs and does not transcend in the extent and character of its judgment or decree the law or statute which is applicable to it." *In Interest of M.V.*, 288 Ill.App.3d 300, 681 N.E.2d 532 (1st Dist. 1997) ("Where a court's power to act is controlled by statute, the court is governed by the rules of limited jurisdiction, and courts exercising jurisdiction over such matters must proceed within the strictures of the statute."); *In re Marriage of Milliken*, 199 Ill.App.3d 813, 557 N.E.2d 591 (1st Dist. 1990) ("The jurisdiction of a court in a dissolution proceeding is limited to that conferred by statute."); *Vulcan Materials Co. v. Bee Const. Co., Inc.*, 101 Ill.App.3d 30, 40, 427 N.E.2d 797 (1st Dist. 1981) ("Though a court be one of general jurisdiction, when its power to act on a particular matter is controlled by statute, the court is governed by the rules of limited jurisdiction.");

## Table of Authorities – Lack of Judicial Immunity

Thus, neither Judges nor Government attorneys are above the law. See *United States v. Isaacs*, 493 F. 2d 1124, 1143 (7th Cir. 1974). In our judicial system, few more serious threats to individual liberty can be imagined than a corrupt judge or judges acting in collusion outside of their judicial authority with the Executive Branch to deprive a citizen of his rights.

In *The Case of the Marshalsea*, 77 Eng. Rep. 1027 (K.B. 1613), Sir Edward Coke found that Article 39 of the Magna Carta restricted the power of judges to act outside of their jurisdiction such proceedings would be void, and actionable.

[W]hen a Court has (a) jurisdiction of the cause, and proceeds *inverso ordine* or erroneously, there the party who sues, or the officer or minister of the Court who executes the precept or process of the Court, no action lies against them. But (b) when the Court has not jurisdiction of the cause, there the whole proceeding is [before a person who is not a judge], and actions will lie against them without any regard of the precept or process . . . Id. 77 Eng. Rep. at 1038-41.

A majority of states including Virginia (see, Va. Code §8.01-195.3(3)), followed the English rule to find that a judge had no immunity from suit for acts outside of his judicial capacity or jurisdiction. Robert Craig Waters, 'Liability of Judicial Officers under Section 1983' 79 Yale L. J. (December 1969), pp. 326-27 and 29-30).

Also as early as 1806, in the United States there were recognized restrictions on the power judges, as well as the placing of liability on judges for acts outside of their jurisdiction. In *Wise v. Withers*, 7 U.S. (3 Cranch) 331 (1806), the Supreme Court confirmed the right to sue a judge for exercising authority beyond the jurisdiction authorized by statute.

In *Stump v. Sparkman*, 435 U.S. 349 at 360 (1978), the Supreme Court confirmed that a judge would be immune from suit only if he did not act outside of his judicial capacity and/or was not performing any act expressly prohibited by statute. See Block, *Stump v Sparkman* and the History of Judicial Immunity, 4980 Duke L.J. 879 (1980).

Judicial immunity may only extend to all judicial acts within the courts jurisdiction and judicial capacity, but it does not extend to either criminal acts, or acts outside of official capacity or in the 'clear absence of all jurisdiction.' see *Stump v. Sparkman* 435 U.S. 349 (1978).

"When a judge knows that he lacks jurisdiction, or acts in the face of clearly valid Constitutional provisions or valid statutes expressly depriving him of jurisdiction or judicial capacity, judicial immunity is lost." --*Rankin v. Howard* 633 F.2d 844 (1980), *Den Zeller v. Rankin*, 101 S.Ct. 2020 (1981).

As stated by the United States Supreme Court in *Piper v. Pearson*, 2 Gray 120, cited in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872), '[w]here there is no jurisdiction, there can be no discretion, for discretion is incident to jurisdiction.'

The constitutional requirement of due process of the law is indispensable:

> "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, **nor be deprived or life, liberty or property, without due process of law**; nor shall private property be taken for public use without just compensation." Article V, National Constitution.

"A judgment can be void . . . where the court acts in a manner contrary to due process."
--Am Jur 2d, §29 Void Judgments, p. 404.

"Where a court failed to observe safeguards, it amounts to denial of due process of law, court is deprived of juris." --*Merritt* v. *Hunter*, C.A. Kansas 170 F2d 739.

"Moreover, all proceedings founded on the void judgment are themselves regarded as invalid."
--*Olson v. Leith* 71 Wyo. 316, 257 P.2d 342.

"In criminal cases, certain constitutional errors require **automatic reversal**," see *State v. Schmit*, 273 Minn. 78, 88, 139 N.W.2d 800, 807 (1966).

## Conclusion

WHEREAS, the facts and the law contained herein are before this court; and. WHEREAS, the facts and the law contained herein are the Truth; and WHEREAS, we hold said Truths to be self-evident; and, WHEREAS, self-evident Truths are undisputed and incontrovertible, no oral argument is requested, for no words can alter or overcome these Truths; and, WHEREAS, Truth is Sovereign: The truth comes from Yahweh and bears His message, from whatever quarter the truth may look down upon you; Psalms 117:2; John 8:32; II Corinthians. 13:8; THEREFORE; this court must exercise its duty under the Rule of Law, do Justice, and DISMISS WITH PREJUDICE the above-captioned case without delay for "Justice delayed is Justice denied."

## PROOF OF SERVICE

COMES NOW, :edward william, with this NOTICE AND DEMAND: WRIT OF ERROR CORAM NOBIS AND DEMAND FOR DISMISSAL FOR LACK OF JURISDICTION. To be placed before the Clerk of Court of the County of Buncombe on this twenty five day of the

seventh month In the Year of Our Lord two zero zero eight AD, as per the Roman Julian Calendar.

_____edward-smith_____  pp                    [LS]
edward william, non-corporate

**TO:**

Clerk of the Court for the U.S. District Court Western District of North Carolina (Asheville)
309 US Courthouse bldg. #100 Otis Street
Asheville, N.C. 28801

**CC:**

CHIEF JUSTICE, Karen Williams, Fourth District/Circuit United States
4th Circuit U.S. Courthouse
1100 East Main Street; suite 501
Richmond, VA. 23219

Richard Voorhees, acting as a judge, foreign corporate officer
David Kessler, acting as a judge, foreign corporate officer
Carl Horn III, acting as a judge, foreign corporate officer
401 W. Trade, Charlotte, N.C. 28802

Condoleezza Rice                                    Craig D. Randall, BAR Attorney
U.S. Department of State                            U.S. Attorneys Office, foreign corporation
2201 C. Street NW                                   227 W. Trade St., Charlotte, N.C. 28202
Washington, D.C. 20520

Stephen A. Edson,                                   Jill Westmoreland Rose,
Director of the Office of Special Consular Services U. S. Attorney, foreign corporation
Bureau of Consular Affairs                          100 Otis Street, Asheville, N.C. 28801
2201 C Street NW
Washington D.C. 20520
Exclusively, pursuant to 22 CFR § 93.1 and 93.2


**All have now been noticed and now being own their own private liability for any and all actions
or lack thereof. Any act of one officer shall be as all have acted accordingly.**