# INTERNATIONAL REORGANIZATION RECISION ACT
## House of Representatives
To Rescind and Revoke Membership of the United States in the United Nations
by John Rarick, U.S. Representative, 6th Congressional District

HOUSE RESOLUTION 2632:

To rescind and revoke membership of the United States in the United Nations and specialized agencies thereof, and for other purposes. Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled -

**Section 1.** That from and after the effective date of this ACT that ratification by the Senate of the United States on July 28, 1945, of the United Nations Charter, making the United States a member of the United Nations, be, and said ratification hereby is, rescinded, revoked and held for naught; and all ACTS designed and intended to perfect and carry out such membership of the United States in the United Nations are hereby repealed.

**Section 2.** That from and after the effective date of this ACT, all ACTS and parts of ACTS designed and intended to make the United States a member of the specialized agencies of the United Nations, or of any of them, are hereby repealed, and all executive agreements, international undertakings and understandings however characterized and named, designed and intended to make the United States a member of the specialized agencies of the United Nations are hereby rescinded, revoked and held for naught.

**Section 3.** That from and after the effective date of this Act and any and all appropriations for defraying the costs of the membership of the United States in the United Nations or in the specialized agencies thereof are hereby rescinded and revoked; and any unexpended and unencumbered balance of any such appropriations shall be recovered into the general fund of the Treasury of the United States.

**Section 4.** That the International Organizations Act of December 29, 1945 (59 Stat. 669; Title 22, Sections 288 to 2886 U.S.C.) be and is repealed; and any and all Executive Orders extend or granting immunities, benefits and privileges under said ACT of December 29, 1945, are hereby rescinded, revolved and held for naught.

Section 5. This act may be cited as the INTERNATIONAL ORGANIZATIONS RECISION ACT.

※ ※ ※

Of course that failed because for a variety of reasons as has Ron Paul's bills. One of the organizations who has been in the forefront of the fight against this world order malarkey is the Committee to Restore the Constitution. Archibald E. Roberts, LtCol, AUS, ret. is the director and this outstanding organization may be reached at: P.O. Box 986, Ft. Collins, CO 80522, (970) 484- 2575.

I mention Roberts' organization because there is another very dedicated individual who has spent years on this issue; while I have only spoken with Judge Boesel on the phone, his work speaks volumes for his keen intellect and patriotism. Judge J.J. Boesel is a retired Municipal Judge from Wapakoneta, Ohio and is a graduate of Ohio State U and the University of Michigan Law School. He is a former Professor of Constitutional Law, Capitol University Law School, Columbus, Ohio. Judge Boesel is a retired Army Colonel and served with the 4th Infantry Division during WWII; it was this division that made the assault landing on D-Day at Utah Beach, Normandy.

All of this ties in with the Wallace Institute and what we're trying to accomplish. As you have seen, there are many pieces in this section from Kathy Fosmark, a remarkable woman who is fighting for her family's heritage - commercial fishing - which is being utterly and complete destroyed by the UN and all its insidious treaties. I have been trying to raise $250,000 so the Institute can go after the UN and these treaties. The case law is on the books but it takes money. Our commercial fishing families, our agriculture and manufacturing base - it's almost gone and soon America will be importing the very things we USED to grow, make and catch. One day, our job base will be service oriented and we will be at the mercy of Communist countries like China (which now includes Hong Kong - read the label and don't buy from these countries, please!), Communist Viet Nam, Communist South Africa and so on.

If you aren't a monthly financial sponsor of the Wallace Institute, please become one. If you are a company or corporation who can give $100.00 a month, please begin today by sending in your check. One day soon, the Masters of the World Order will feel it's time to cement their plans and then it will be too late to fight in a court of law. Kathy's industry, like so many others are being destroyed and we should all care and understand that it's the UN behind a large chunk of our problems. Kathy's husband goes out on his boat for months at a time; commercial fishing is a tough life, like that of truck drivers who keep the shelves stocked for You. None of them have the funds to do this by themselves that's why we urge you to join together with each other so we can have the cash flow to get this court challenge underway.

The Law of the Sea Treaty under the UN is just one of many destroying our commercial fishing families. We need to go after the cancer instead of a symptom. The UN Treaty is the cancer and it has thousands of symptoms eating away at America. If you haven't gone to the UN's web site, you're in for an interesting experience (www.un.org). No one, I don't care how smart they are, no one can fully absorb the million or so pages of treaties under the umbrella of this communist organization - least of all the majority of Congress. Too many of them suffer from the same physical affliction: their brain cavities wouldn't make a good drinking cup for a hummingbird. And, quite frankly, they really have no interest in the truth or even reading what they vote for - just the power that comes with being a member of the U.S. Congress. **How they SHAME our Founding Fathers.**

The following presentation is that of Judge Boesel and I hope you'll read it carefully. This paper was written a few years ago but the problem with the U.S. remaining in the UN continues to decay and rot away at our sovereignty and our rights. The case law is there to successfully win this in a court of law. *The Wallace Institute* can do this. There are people out

there, like Mel Gibson for one, who could write a check for $100,000 so we can get started. Unfortunately, none of these high-profile people seem interested in putting their money into organizations who are going after the problem where it started instead of just treating the symptoms. However, we shall push on and in the end, we will win.

(By the way, some think we named our Institute after Mel Gibson for his portrayal of Sir William Wallace in the movie, Braveheart. We didn't, we named it for the spirit of the character in the movie. If you'd like to read a historical accounting of Wallace first published back in 1870, I recommend: Sir William Wallace by James Paterson. This book is available from Pretani Press, 268 Sayre Street, Lakeport, California 95453; $9.00 + $2.00 S/H; book contains comment by Robert Clifton Wallace. Be prepared: This book is written using old English of the time of the author and takes a bit getting used to as one adjusts to the spelling and use of certain words and phrases!)

## Judge J.J. Boesel on

## The Unconstitutional UN Treaty

I. Articles 36 & 43 of the UN Treaty are unconstitutional because they amend the Constitution without the consent of 3/4ths of the states. There are also two laws passed pursuant to the UN Treaty which are unconstitutional for the same reason. See *Reid v Covert*, 354 U.S. (1956).

II. The UN is insolvent. Secretary-General Boutros Boutros Ghali admits in New York Times interview, reprinted in Columbus Dispatch, August 29, 1993.

III. Oklahoma is a perfect state to seek to recover the **$1.2 billion** recently paid by the U.S. to the UN. See attached draft of proposed Oklahoma lawsuit v. the UN.

## REID V. COVERT, 354 U.S. (1956)

"It would be manifestly contrary to the objectives of those who created the Constitution...let alone alien to our entire constitutional history and tradition to construe Article VI (The Supremacy Clause) as permitting the United States to exercise power under an international agreement without observing constitutional prohibitions. In effect, such construction would permit amendment of that document in a manner not sanctioned by Article V."

## IN THE SUPREME COURT OF THE UNITED STATES OF AMERICA

## WASHINGTON, DC

THE STATE OF OKLAHOMA EX REL

CASE NO. _____

_____

ATTORNEY GENERAL
RELATOR

VS.

MR. KOFI ANNAN
SECRETARY GENERAL OF THE UNITED NATIONS
UNITED NATIONS BUILDING
759 UNITED NATIONS PLAZA
NEW YORK, NY 10017
RESPONDENT

## COMPLAINT FOR DECLARATORY JUDGEMENT, INJUNCTIVE AND OTHER

## EQUITABLE RELIEF

This action arises under the United States Constitution; under the Tenth Amendment as to the First Cause of Action; under Articles III, V & VI as to the Second Cause of Action; under the XVI Amendment as to the Third Cause of Action; under Article 1, Section 8 and the doctrine of separation of powers, together with Article III, Section 2 as to the Fourth Cause of Action; and under Article 1, Section 8 as to the Fifth Cause of Action.

## FIRST CAUSE OF ACTION

1. The matter in controversy exceeds $10,000.00, exclusive of interest and costs. This Court has jurisdiction over the action under Article III, Section 2 of the Constitution and Article VI of the Constitution in that it is a case involving a treaty.

   1. Relator is the duly elected Attorney General of the State of _____.

Relator says that Article 104 and Article 105 of the United Nations Charter violate Oklahoma's rights of Sovereignty under the Tenth Amendment to the U.S. Constitution in that they impose a Federal regulatory program upon the State of Oklahoma and all the other States using United Nations Officials and representatives of the members of the United Nations who shall enjoy privileges and immunities within the boundaries of the State of Oklahoma while enforcing the unratified UN Treaty on Biological Diversity and the unconstitutional World Heritage Sites Treaty.

Article 104, United Nations Charter:

"The Organization shall enjoy the territory of each of it's members such legal capacity as may be necessary for the exercise of its functions and the fulfillment of its purposes."

Article 105:

1. The Organization shall enjoy in the territory of each of its members such privileges and immunities as are necessary for the fulfillment of its purposes.

1. Representatives of the members of the United Nations and Officials of the Organization shall similarly enjoy such privileges and immunities as are necessary for the independent exercise of their functions in connection with the Organization

1. The General Assembly may make recommendations with a view to determining the details of the application of paragraphs 1 & 2 of this Article, or may propose Conventions to the Members of the United Nations for this purpose.

Realtor says these two Articles of the United Nations charter grant unlimited authority for these "Officials and representatives of the United Nations members to enter Oklahoma's boundaries, clothed with "such legal capacity" and with full immunity from the law of Oklahoma to conduct their "independent exercise of their function and purposes..." All the details of their Federal regulatory plan for Oklahoma are patently unlimited but will be up to the General Assembly.

This United Nations Federal regulatory program violates Oklahoma's Sovereignty under the Tenth Amendment to the Constitution, and violate the rule of this Court as stated in *NY v US*, 112 St.Ct 2408 (1992), that the Federal Government may not compel the States to administer a Federal regulatory program. This Federal program was by Act of Congress. This rule applies equally to the two Articles quoted above, where this UNLIMITED IN SCOPE Federal Regulatory Program of the UN is imposed on Oklahoma by a treaty signed by the President and ratified by the Senate. For this Court held in *Reid v Covert*, 354 US (1956) that:

"The prohibitions of the Constitution were designed to apply to all branches of the National Government and they cannot be nullified by the Executive or by the Executive and the Senate combined."

Articles 104 & 105 are unconstitutional because they violate the Tenth Amendment. Finally, they are unconstitutionally vague.

## SECOND CAUSE OF ACTION

Relator challenges Federal spending for an unconstitutional purpose. Relator says that Article 136 of the Statute of the International Court of Justice, being made an "intregal" part of the United Nations Treaty by Article 92 of the latter, is in conflict with and changes Article III, Section 2 of the U.S. Constitution, in that said Article 36 transfers to the International Court of Justice, judicial power over "...all legal disputes concerning the interpretation of a treaty..." (Article 36 A.2(a)).

Relator says such judicial power has, by Article III, Section 2 of the U.S. Constitution, been lodged in the U.S. Judiciary. Relator says that not only is article 36 made an "intregal" part of the Treaty by Article 92 thereof, but there are Seventy (70) provisions in the Statute of the International Court, or Sixty-three percent (63%) of the One Hundred Ten (110) Treaty provisions which are so interwoven and interdependent with the UN Treaty, that the two cannot be separated. Accordingly, Relator says that the void character of Article 36 of the Statute renders the entire treaty void.

1. Further, Congress has, in pursuance of such void treaty, by Title 22, U.S. Code Section 287(e), authorized the disbursing officers of the U.S. Treasury department to continue making payments of U.S. tax dollars to cover annual UN assessments against the United States. Relator says the U.S. Supreme Court has already held that "...there is nothing in this language (Article VI, U.S. Constitution) which intimates that treaties and laws pursuant to them do not have to comply with the provisions of the Constitution. Reid v. Covert, 354 US (1956)

Accordingly, Relator says that since the treaty is void, Title 22 U.S. Code Section 287)e), passed pursuant to said treaty, is likewise void and therefore, the disbursing officers of the U.S. Treasury have absolutely no authority to make further payments of UN assessment against the United States.

1. Relator further says that the change in Article III, Section 2 of the U.S. Constitution made by the conflicting UN Treaty is no more than a proposed amendment to Article III, Section 2, which has never been adopted by two-thirds of the U.S. House of Representatives and three-fourths of the State Legislatures, as required by Article V of the U. S. Constitution. Further, Relators says the U.S. Supreme Court has already held that a treaty must be made in pursuance of the Constitution, in the case of Reid v. Covert, 354 US (1956), in headnote 12 as follows: "Even though article VI of the Federal Constitution does not specifically provide that treaties must be made in 'pursuance thereof,' no agreement with a foreign nation can confer power on Congress or on any other branch of government which is free from the restraints of the Constitution."

### THIRD CAUSE OF ACTION

1. Relator says the U.S. Senate has by Resolution 126, 83rd Congress and by Senate Document 87, January 7, 1954, granted power to the United Nations to establish a United Nations Income Tax, and has exempted certain employees of the United Nations from their obligation to pay the United States Income Tax on their United Nations income by authorizing reimbursement for their United States Income Tax for the years 1946, 1947, 1948 & 1949. Relator says the grant of authority by the U.S. Senate violates the XVI Amendment to the Constitution which requires both Houses of Congress to levy an income tax, and hence requires both Houses of Congress to exempt individuals from the obligation to pay their Federal Income Tax.

1. Moreover, Relator says that the Senate's grant of the taxing power to the United Nations to tax the income of the UN employees is an unauthorized delegation of the income taxing power to a corporate or quasi-corporate person, and that said UN Income Tax is in conflict with the XVI Amendment and is therefore void.

1. Relator further says that Senate document 87 and Senate Resolution 126, incorporated herein by reference, granted the United Nations employees a refund or reimbursement of their Federal U.S. Income Tax paid by them for the years 1946, 1947, 1948 and 1949. The United States during those four years was financing 33 1/3% of the total budget. This four-year reimbursement was therefore, to the extent of the one-third reimbursement, a restoration to the employees of their U.S. Income Tax; in effect, Senate Document 87 granted these UN employees an exemption for this four-year period from their U.S. Income Tax.
2. This one-third sum is estimated to be between $6.7 million (number of employees estimated at 5,000; average salary estimated at $10,000; U.S. Income Tax rate during those four years estimated on the average of 10%), equals a U.S. Income Tax fraud estimated at $6.7 million (one-third of the four-year Federal Tax reimbursement of an estimated $20 million). Under the Constitution, Amendment XVI, only the Congress has the power to tax income, and therefore only the entire Congress has the power to exempt from the U.S. Income Tax. The Senate alone and the President combined cannot lawfully do so (Reid v. Covert 354 US 1956).

"The prohibitions of the Constitution were designed to apply to all the branches of the National Government and they cannot be nullified by the Executive or by the Executive and the Senate combined."

## FOURTH CAUSE OF ACTION

1. Relator further says that Congress, by Pub. L 291, 79th Congress. (H.R. 4489, 59 Stat 669 of December 29, 1945), created the International Organizations Immunities Act (22 U.S. C288 *et. seq.*) In pursuance of the UN Treaty. Further, Executive Order 9698 of February 16, 1946 designated the UN as an International Organization entitled to the privileges and immunities of the Act. Relator says that under Article 1, Section 8, the Constitution gives Congress its power to act. Nowhere in Article I has the Constitution granted to Congress the power to grant the foregoing immunities, and therefore said law of Congress and Executive Order 9698 are unconstitutional and void. As noted above under First Clause of Action, paragraph 3, the Supreme Court in the *Reid* case ruled that " **treaties and laws passed pursuant to them must comply with the Constitution.**" This International Organizations Immunities Act and Executive Order 9698 do not comply with Article 1, Section 98 of the Constitution, and are therefore void.

1. Relator further says the International Organizations Immunities Act violates the doctrine of separation of powers. Under this doctrine the legislative department of the Federal Government cannot interfere with the Judicial department by placing obstructions to the Federal Judiciary in obtaining jurisdiction over the respondent and granting his immunity from suit, unless he waives his immunity.

The Supreme Court has established its Federal Rules of Civil Procedure, wherein Rule 4 declares how the Federal Courts may obtain jurisdiction over defendants in civil cases. Rule 4 does not allow a defendant to control jurisdiction of the Federal Court over him by withholding his consent. Yet the Immunities Act grants respondent this power. To this extent the Immunities Act places an obstruction to the Federal Court's jurisdiction, and is therefore a violation of the doctrine of separation of powers between the judicial and legislative departments.

Moreover, under Rule 26 of the Federal Rules of Civil Procedure, the Court has provided from the discovery process giving the parties the right to obtain discovery of documents from each other, without their consent. Yet the Immunities Act makes the property of International Organizations inviolate. Under the Second Cause of Action, Relator alleges a Federal Income Tax fraud, committed by the United Nations. Relator claims a constitutional right under the discovery process of the Federal Rules of Civil Procedure (Rule 26) to obtain Respondent's financial documents to prove this alleged income tax fraud. The Immunities Act makes these documents inviolate, and is a further example of the Act's violation of the doctrine of separation of powers between the judicial and legislative departments of the Federal Government. The Immunities Act is therefore unconstitutional and void.

1. Relator further says the International Organizations Immunities Act (59 Stat 669, U.S.C. Tiel 22 Par. 288 to 2886, December 29, 1945), together with Executive Orders granting immunities to UN personnel, are in conflict with Article III, Section 2 of the U.S. Constitution. This Article reads as follows:

"The judicial power shall extend to all cases in law or in equity...affecting ambassadors, other public ministers, and consuls. In all cases affecting ambassadors, other public ministers, and consuls, the Supreme Court shall have original jurisdiction."

### FIFTH CAUSE OF ACTION

Relator says the UN Treaty changes the Constitution by transferring Congress' power to Declare War to the UN Security Council, and that this is an unconstitutional transfer. Article 43 of the UN Treaty states:

"All members of the United Nations...undertake to make available to the Security Council, on its call...armed forces assistance and facilities."

Whereas, Article 1, Section 8 of the Constitution says:

"The Congress shall have the power to declare war....."

Obviously, Congress' Constitutional power to declare war has been changed and transferred to the UN Security Council...armed forces, assistance and facilities "on the call" of said Security Council. For over 100 years our U.S. Supreme Court has declared,

> **"A treaty cannot change the Constitution or be held valid if it is in violation of that instrument."** Foster v. Nielson, 2 Pat 314

The fact that the treaty was put into effect by the Executive Branch and the Senate in the legislative branch **does not preserve the treaty.** For as recently as 1956, the U.S. Supreme Court held that,

> "The prohibitions of the Constitution were designed to apply to all branches of the National
> Government and they cannot be nullified by the Executive, or by the Executive and the Senate
> combined." Reid v. Covert, 354 US (1956)."

## SIXTH CAUSE OF ACTION

Relator further says that the assets of the United Nations are not at a fair valuation sufficient to pay its debtors, and the Respondent, the Secretary General of the UN is currently making transfers of funds, reportedly in excess of a half billion dollars, to so-called trust funds allegedly for the retirement benefits of its employees. Relator is further informed that Respondent, the Secretary General of the UN, is transferring or has transferred assets out of the jurisdiction of this Court, viz, to the establishment of a subsidiary United Nations operation in the Country of Chile, and Relator alleges this is also in fraud of creditors, the largest of said creditors being the United States. Relator says that unless a Receiver is appointed to take over the assets of the United Nations, to marshal its assets and liens of its creditors, further transfers in fraud of its creditors will continue to be made by the Secretary General of the United Nations.

Admissions to the press by the Secretary General made on August 29, 1993 establish the United Nations is in fact insolvent. On that date, Mr. Boutrous Boutros Ghali said, "**The organization runs from hand to mouth.**" He made this admission to the UN General Assembly's committee on financial matters.

It is further requested the Receiver make a finding of the amount of the alleged Federal Income Tax fraud specified in the Third Cause of Action herein alleged for the four years refund to UN employees of their Federal Income Tax paid for the four years 1946, 1947, 1948 and 1949; further that the Receiver be directed to order this amount of Federal Tax Refund be paid into the United States Treasury.

Wherefore, Relator prays that because this case involved inter alia, a challenge to the constitutionality of the United Nations Treaty, including the intregal Statute of the

International Court of Justice, that the Court enter judgment granting injunctive relief and other equitable relief as follows:

1. Issue an order declaring the United Nations Treaty to be unconstitutional and void.

2. Issue an order declaring the UN Income Tax to be unconstitutional because it is beyond the power of Congress to delegate its income taxing power to any person, natural corporate or international; further, that the U.S. Senate action in granting an income tax exemption from U.S. Income Tax and allowing the reimbursement, violates the XVI Amendment and is therefore unconstitutional and void.

3. Issue an order declaring the disbursing officers of the U.S. Treasury shall cease making further payments to the United Nations of the UN assessments, because Title 22 U.S. Code Section 287(e) authorizing these payments was passed pursuant to a void treaty and is likewise void.

4. Issue an order declaring 22 U.S. Code Section 288 *et seq.* (International Organizations Immunities Act) to be unconstitutional and void because it is beyond the powers granted to Congress by Article 1, Section 8; further because it violates the doctrine of separation of powers, and grants immunities not permissible under the Supreme Court's original jurisdiction stripped of any immunities for these agents of foreign governments under Article III, Section 2 of the Constitution.

5. Issue an order determining the amount of unpaid Federal Income Tax due the United States, and an additional order to the Respondent, the Secretary General of the United Nations, to make immediate payment of such income tax to the United States.

6. That the Court grant Relator his costs herein, including reasonable attorney fees to the extend permitted by law.

7. Appoint a Receiver to wind up the affairs of the UN and pay off all creditors, including the largest creditor, the United States.

8. That the Court grant further legal and equitable relief as this Court may deem just and proper.

---

Attorney for Relator

# CODE OF CIVIL PROCEDURE
# SECTION 418.10-418.11

418.10. (a) A defendant, on or before the last day of his or her time to plead or within any further time that the court may for good cause allow, may serve and file a notice of motion for one or more of the following purposes:
   (1) To quash service of summons on the ground of lack of jurisdiction of the court over him or her.
   (2) To stay or dismiss the action on the ground of inconvenient forum.
   (3) To dismiss the action pursuant to the applicable provisions of Chapter 1.5 (commencing with Section 583.110) of Title 8.
   (b) The notice shall designate, as the time for making the motion, a date not more than 30 days after filing of the notice. The notice shall be served in the same manner, and at the same times, prescribed by subdivision (b) of Section 1005. The service and filing of the notice shall extend the defendant's time to plead until 15 days after service upon him or her of a written notice of entry of an order denying his or her motion, except that for good cause shown the court may extend the defendant's time to plead for an additional period not exceeding 20 days.
   (c) If the motion is denied by the trial court, the defendant, within 10 days after service upon him or her of a written notice of entry of an order of the court denying his or her motion, or within any further time not exceeding 20 days that the trial court may for good cause allow, and before pleading, may petition an appropriate reviewing court for a writ of mandate to require the trial court to enter its order quashing the service of summons or staying or dismissing the action. The defendant shall file or enter his or her responsive pleading in the trial court within the time prescribed by subdivision (b) unless, on or before the last day of the defendant's time to plead, he or she serves upon the adverse party and files with the trial court a notice that he or she has petitioned for a writ of mandate. The service and filing of the notice shall extend the defendant's time to plead until 10 days after service upon him or her of a written notice of the final judgment in the mandate proceeding.
   The time to plead may for good cause shown be extended by the trial court for an additional period not exceeding 20 days.
   (d) No default may be entered against the defendant before expiration of his or her time to plead, and no motion under this section, or under Section 473 or 473.5 when joined with a motion under this section, or application to the court or stipulation of the parties for an extension of the time to plead, shall be deemed a general appearance by the defendant.
   (e) A defendant or cross-defendant may make a motion under this section and simultaneously answer, demur, or move to strike the complaint or cross-complaint.
   (1) Notwithstanding Section 1014, no act by a party who makes a motion under this section, including filing an answer, demurrer, or motion to strike constitutes an appearance, unless the court denies the motion made under this section. If the court denies the motion made under this section, the defendant or cross-defendant is not deemed to have generally appeared until entry of the order denying the motion.
   (2) If the motion made under this section is denied and the defendant or cross-defendant petitions for a writ of mandate pursuant to subdivision (c), the defendant or cross-defendant is not deemed to have generally appeared until the proceedings on the writ petition