# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# NO: 1:08-CR-55-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| EDWARD WILLIAM WAHLER, | ) | |
| | ) | |
| Defendant. | | |

**THIS MATTER IS BEFORE THE COURT** upon the *pro se* Defendant Edward W. Wahler's two very similar motions, both entitled "Motion for Copy of PINS NLETS Database" filed respectively on August 15, 2008 and October 17, 2008. (Document Nos. 42, 57). The Magistrate Judge will **deny** the motions **without prejudice** for the following reasons:

In both motions, the Defendant seeks a copy of any NCS PINS and NLETS "database" on himself so he can "ascertain whether erroneous data was entered on Defendant before arrest, during arrest, or subsequent to arrest and incarceration that may show prejudice to the man known as Edward Wahler...."[1] (Document No. 42, p.1; No. 57). In the second motion, he also seeks the "names of the parties who entered said data and when." (Document No. 57).

Defendant does not explain how the requested information would be relevant to the criminal charges against him or why he would be entitled to such information. The Court itself is not entirely clear about what the Defendant is actually requesting. To the extent the Defendant may be seeking

---

[1] Defendant indicates that "NCS PINS" is the acronym for North Carolina State Police Information Network and that NLETS is the acronym for the National Law Enforcement Telecommunication System.

verification of his criminal history, the Court has already entered its Standard Criminal Discovery Order (Document No. 15) providing that the prosecutor shall comply with Rule 16 and provide criminal history information to Defendant. Specifically, the Court's Order provides that: "Defense counsel shall be allowed to inspect and photocopy (or be given photocopies), prior to trial, of the information, reports or objects discoverable under Rule 16(a)(1)(A) through (G) of the Federal Rules of Criminal Procedure." (Document No. 5, p.1, ¶1).

Rule 16(a)(1)(D) sets forth that "Upon a defendant's request, the government must furnish the defendant with a copy of the defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows – or through due diligence could know – that the record exists." Although the Defendant has not indicated whether he has actually requested this information from the prosecution, the Court observes that this judicial district generally follows an "open file" policy. In other words, this information may already be available to Defendant upon request.

**IT IS, THEREFORE, ORDERED** that Defendant Edward Wahler's two motions, both entitled "Motion for Copy of PINS NLETS Database" (Document Nos. 42, 57) are **DENIED without prejudice.**

**IT IS SO ORDERED**.

Signed: January 14, 2009

David C. Keesler
United States Magistrate Judge