IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL DOCKET NO.: 1:08CR55-V

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| EDWARD WILLIAM WAHLER, ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's written filings entitled "Petition to Reconsider Bail," filed October 17, 2008, and "Motion for Reconsideration of Order of Detention," filed October 31, 2008, and all related *pro se* filings.[1] (Documents ##55, 66, 67). Defendant's motions are construed as a single appeal of the magistrate judge's Order of Detention pursuant to 18 U.S.C. §3145(b). (Document #13)

This Court reviews *de novo* the magistrate judge's detention order. *See* 18 U.S.C. §3145(b); United States v. Williams, 753 F.2d 329, 333 (4th Cir. 1985). The Court has reviewed the electronic recordings of all hearings, as well as the contents of the criminal file in this matter. On June 3, 2008, a federal grand jury returned a Bill of Indictment against the Defendant alleging multiple offenses including violations of 18 U.S.C. §§371, 1341, 1344 and 2, namely, conspiracy to commit mail and wire fraud, substantive offenses of mail and wire fraud, and aiding and abetting. (Document #1)

On June 20, 2008, the magistrate judge considered Defendant's eligibility for bond and determined that detention was required. The magistrate judge first noted that Defendant "believes himself ***not*** to be a citizen of the United States or subject to U.S. Laws." The undersigned's limited involvement with this Defendant since that time, as well as a review of Defendant's *pro se* filings, confirms the magistrate judge's initial impressions. The magistrate judge also referred to the "[m]illions in intended losses." As recited by the magistrate judge, a maximum term of imprisonment of ten years or more is prescribed.

Defendant contends that bond is appropriate because he is neither a flight risk nor a danger

---

[1] Defendant first made this motion orally during a motions hearing held on October 6, 2008, before the undersigned, at which time Defendant was instructed to file a written motion detailing his legal argument. In addition to the appeal, Defendant requested expedited consideration. (Document #67)

to the community.[2]  Defendant also mentions the seizure of his assets and implies that he lacks the financial means to flee.

In determining whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of other persons and the community, the Court considers all evidence regarding:

(1) the nature and circumstances of the offense charged (including whether the offense if a crime of violence or involves a narcotic drug);
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including —
   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and
   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. §3142(g).

Upon review of these factors, the Court concurs with the magistrate judge's finding that bond is not appropriate. The indictment in this case alleges that Defendant has been obtaining money and property by means of false and fraudulent means since 2001. In addition, the potential loss amounts alleged in this case expose the Defendant to a grave penalty. The pretrial services report reveals that Defendant also has an unstable residence and was less than forthcoming with the investigating pretrial services officer. More specifically, Defendant advised the officer that he did not have a social security number, which was false. These facts, considered in conjunction with Defendant's perspective, views and beliefs with respect to the U.S. Constitution and the federal court system, all indicate a risk of flight.

---

[2] Finally, while the Defendant may properly appeal an order of detention under 18 U.S.C. §3145(b), the Defendant may not challenge the adequacy of the evidence that formed the basis of the indictment returned by the grand jury. See Costello v. United States, 350 U.S. 359 (1956).

The Court must also examine the danger to any person or the community that would be posed by the Defendant's release. Given the past conduct in which Defendant is alleged to have been involved, the Court finds there is a serious risk that Defendant's criminal behavior would continue if he were released. Further, the Court finds that house arrest would not deter Defendant from engaging in further criminal activity.

Taking all of the factors into consideration, the Court finds that no condition or combination of conditions of bond will reasonably assure the appearance of Defendant and the safety of other persons and the community. For these reasons, the Court <u>denies</u> Defendant's motion.

**IT IS, THEREFORE, ORDERED THAT:**

1) Defendant's Appeal of the Magistrate's Order of Detention is hereby **DENIED;**

2) Defendant Wahler will remain in custody pending trial; and

3) Defendant's Motion for Order Shortening Time for Hearing on Bail is **DENIED as moot**.

Signed: January 21, 2009

Richard L. Voorhees
United States District Judge