UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| UNITED STATES OF AMERICA | ) | DOCKET NO.1:08 CR 55 |
|---|---|---|
| | ) | |
| | ) | **GOVERNMENT'S RESPONSE TO** |
| v. | ) | **DEFENDANT'S DISCOVERY MOTION** |
| | ) | |
| | ) | |
| 2) EDWARD WILLIAM WAHLER | ) | |
| | ) | |

NOW COMES the United States of America, by and through Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, and submits this Response to the Defendant's Discovery Motion orally made before the Court on February 10, 2009.

## FACTUAL BACKGROUND

On June 3, 2008, the defendant, along with three co-defendants was indicted in a thirty-two count Bill of Indictment alleging violations of Title 18, United States Code, Section 371 (Conspiracy Against the United States); Title 18, United States Code, Section 1341 (Mail Fraud); and, Title 18, United States Code, Sections 2 (Aiding and Abetting) and 1344 (Bank Fraud).

The defendant made an initial appearance on June 17, 2008. He waived counsel and advised the court that he would be appearing Pro Se. He also filed a Pro Se "Bond" dismissing his own case, a Pro Se "Bond and Arrest Warrant" for U.S. Magistrate Judge Carl Horn before whom he was appearing, and a Pro Se filing entitled "The Scriptures". The Court appointed counsel for the defendant. On June 20, 2008, the Court, at the request of appointed counsel Scheer, appointed new counsel for the defendant. On this date a detention hearing and arraignment also occurred. The defendant pleaded not guilty, requested a jury trial, and was detained.

On June 24, 2008, newly appointed counsel moved to withdraw from representation of the defendant because the defendant insisted that he wanted to represent himself and refused to cooperate with appointed counsel. On July 21, 2008, a status of counsel hearing occurred before U.S. Magistrate Keesler. Inquiry as to status of counsel occurred and pursuant to statements of the defendant, a *Faretta*[1] inquiry was conducted by the Court concerning the defendant's understanding of his right to counsel and right to represent himself. Following this inquiry, the Court requested that attorney Terpening remain as stand-by counsel. On August 14, 2008, attorney Terpening filed a motion for re-consideration and a request to be removed as stand-by counsel stating, in sum, that the defendant would not communicate with him. The next day, the case was continued by the Court.

On August 18, 2008, the United States, in recognition of the motion filed by stand-by counsel Terpening, requested that the Court order the U.S. Marshal's to relocate defendant Wahler to the Buncombe County, North Carolina detention facility in order to facilitate the defendant's ability to review discovery. As cited in the Motion for Transfer, the staff at the Buncombe County Detention Center were willing to store the discovery discs and a laptop, and to provide these items to the defendant on a regular basis for his review. Following a hearing on October 6, 2008, the Court Ordered that the defendant be transferred to the Buncombe County Detention facility. The U.S. Marshal transferred the defendant to Buncombe County on November 10, 2008.

The defendant now claims that the Government has not properly provided him discovery.

**ARGUMENT**

Rule 16 of the Federal Rules of Criminal Procedure provides that "the government must disclose to the defendant, and make available for inspection, copying, or photographing...relevant

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

oral written or recorded statement[s] [of] the defendant, ... documents and objects... reports of Examinations and Tests...." Fed.R.Crim.P. 16(a)(1)(B)(I). The Government has provided copies of evidence gathered during the investigation of this case, including audio recordings of the defendant, co-defendant's and others. The "discovery" provided to the defendant is in accord with the U.S. Attorney "open file" discovery policy and is much broader and more inclusive than is required by Rule 16. In addition, the government provided a brand new HP computer (the same computer used by the Department of Justice) on which to review the discovery discs provided.

Because the defendant is not cooperating with stand-by counsel, and in an effort to ensure that the defendant has the opportunity to review the discovery in this matter, the undersigned secured a new laptop on which the defendant could review discovery discs and met with jail personnel at the Buncombe County Detention facility requesting that the defendant be given ample opportunity to review the materials in a private location so that he could meaningfully prepare for any court proceedings should he continue to refuse counsel. Personnel at the Buncombe County Detention facility took custody of the discovery discs and laptop and agreed to provide such to the defendant at least three times per week. The undersigned also requested that a log be maintained by jail personnel of any contacts with the defendant concerning the discovery materials. A copy of the "Inmate Log: Wahler, Edward William" from the Buncombe County Detention facility is attached..(Exhibit A).[2] In addition, jail personnel agreed to provide a private room (attorney/inmate conference room) where the defendant could utilize the laptop.

---

[2] The defendant was removed from the Buncombe County Detention facility by the USMS at the beginning of February to move him to a detention center closer to Statesville, NC in anticipation of the February 10, 2009, hearing.

3

In sum, as is noted on the attached defendant's inmate log, despite numerous offers from jail personnel between November 26, 2008, and January 28, 2009, the defendant has only reviewed discovery one time.

At the February 10, 2009, hearing, the defendant indicated that he wanted to review the materials seized from his home during the execution of a search warrant prior to his arrest. All materials seized in the investigation were scanned and recorded to discs which have been provided to the defendant in discovery. It is also important to note that the documents which support the allegations set forth in the Bill of Indictment are produced numerous times within the discovery. The reason for the multiple reproductions relates to the numerous locations where a document, or copy thereof, was seized: from the defendants home, from his computer, and from various financial institutions to which the documents were mailed. As alleged in the Bill of Indictment, the defendant, his wife, and other co-defendants were engaged in a scheme wherein they would create documents and file those documents with financial institutions in attempts to eliminate personal debt. Given the allegations and the fact that the documents, or copies thereof bearing the defendants' or co-defendant's signatures, were recovered from the defendant's home and computer, it would not be unreasonable to surmise that most, if not all, of the documents contained in discovery are familiar to the defendant.

The defendant also averred at the February 10, 2009, hearing that he could not clearly hear the undercover recordings pertinent to this case which were provided in discovery. In an attempt to further assist the defendant in his review of discovery, the undersigned will ensure that when a copy of this response is served on the defendant upon his return by the USMS to the Buncombe County Detention facility, a set of laptop speakers will be provided by the government for the defendant's

4

use when reviewing discovery materials. Prior to delivery of the speakers, the government will ensure that the speakers are compatible with the laptop provided to the defendant and will ensure that the speakers are working properly.

Respectfully submitted, this the 12th day of February, 2009.

>GRETCHEN C.F. SHAPPERT
>UNITED STATES ATTORNEY
>
>S/ Jill Westmoreland Rose
>JILL WESTMORELAND ROSE
>ASSISTANT UNITED STATES ATTORNEY
>N.C. State Bar number: 17654
>100 Otis Street
>Asheville, N.C. 28803
>(828) 271-4661
>Fax: (828) 271-4670
>Email: jill.rose@usdoj.gov

**CERTIFICATE OF SERVICE**

On February 12, 2009, a copy of this response was served upon stand-by counsel for the defendant, William Terpending, via electronic filing at:wt@houseofdefense.com. A copy of this response will also be provided to the defendant at the Buncombe County Detention facility.

>S/ Jill Westmoreland Rose
>Asst. U.S. Attorney