UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 1:08-CR-55 |
| | ) | |
| v. | ) | |
| | ) | |
| 1) KATHY RAY WAHLER | ) | GOVERNMENT'S MOTION IN LIMINE |
| 2) EDWARD WAHLER | ) | AND REQUEST FOR LIMITING |
| 3) LEWIS VINCENT HUGHES | ) | INSTRUCTION |
| | ) | |

NOW COMES the United States of America, by and through Edward R. Ryan, United States Attorney for the Western District of North Carolina, and moves in limine and for a limiting instruction under Fed. R. Evid. 701 and 403 concerning testimony elicited by defendants from witnesses Brenda Messer and Richard Turner concerning their mental state relative to their intent to defraud.

### A. Introduction

Defendant Kathy Wahler and Edward Wahler elicited testimony from government witnesses Brenda Messer and Richard Turner concerning their mental state relative to their intent to defraud. The issue, however, is not whether others believed defendants believed the redemption scheme and their conduct related thereto was legal, but rather whether defendants believed, in good faith, the redemption scheme was a legitimate means of eliminating one's debt. Thus, this Court should preclude such lay opinion testimony as irrelevant and speculative pursuant to both Fed. R. Evid. 701(b) and Fed. R. Evid. 403 and provide a limiting instruction to the jury concerning the testimony of Brenda Messer and Richard Turner concerning the part of the testimony elicited by the defendants concerning the defendants' mental state relative to their intent to defraud.

**B.	Analysis**

Fed. R. Evid. 701 prohibits lay opinion testimony unless three conditions are satisfied. The rule states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Before lay opinion testimony on the concerning the good faith belief of the defendants can be admitted, it must satisfy all three preconditions of Fed. R. Evid. 701. Opinion testimony on a party's knowledge, of the law, or lack thereof, "in most instances... will not meet the requirements of Rule 701." *United States v. Reas*, 958 F.2d 1206, 1216 (2d Cir. 1992)(tax conspiracy and tax evasion prosecution). Under Fed. R. Evid. 701(b), lay opinion testimony concerning the defendants' good faith beliefs would not be helpful to a clear understanding of the witness testimony nor would it assist the jury in making a determination of a fact in issue.

In *Reas*, the District Court admitted lay opinion testimony elicited by the government that the defendant "had to" have knowledge of the existence of the tax evasion scheme based on testimony establishing a series of factual events. Id at 1214. The Second Circuit found the admission of this testimony was error, but determined that the error was harmless. Id. at 1219-1220. In making its determination, the Court noted that prior to allowing lay opinion testimony, the trial court must find that the two preconditions of 701 have been satisfied. That is, first, that the opinion evidence must be "rationally based" on the witness's own perceptions, and second, that such testimony would be "helpful" to a clear understanding of the witness's testimony or the determination of a fact at issue. Id. at 1215. The court ruled that "when the issue is a party's knowledge, which is perhaps more easily fathomed state of mind than... intent or motivation, we

2

suspect that in most instances a proffered lay opinion will not meet the requirement of Rule 701." Id. The court noted that even if the first condition is met, that is, if a "witness has fully described what a defendant was in a position to observe, what the defendant was told, and what the defendant said or did, the witness's opinion as to the defendant's knowledge will often not be 'helpful' within the meaning of Rule 701 because the jury will be in as good a position as the witness to draw the inference as to whether or not the defendant knew." Id. Accordingly, the *Rea* court concluded that the lay opinion testimony was not helpful within the meaning of Rule 701 because "it did no more than instruct the jury as to what result it should reach on the issue of knowledge." Id. at 1219.

Here, the defendants, over the government's objection, elicited lay opinion testimony concerning the existence of their "good faith" belief or the degree of sincerity thereof from witnesses Brenda Messer and Richard Turner. As noted above, Federal Rule of Evidence 701 does permit lay opinion testimony, but such testimony must be based on something that the witness has actually perceived. *United States v. Skeet*, 665 F.2d 983, 985 (9th Cir. 1982) (stating that under Rule 701 a lay witness's opinion testimony must be "predicated upon concrete facts within their own senses, as distinguished from their opinions or conclusions drawn from such facts") (quoting *Randolph v. Collectramatic, Inc*. 590 F.2d 844, 847-48 (10th Cir. 1979)); *see also United States v. Brown*, 938 F.2d 1482, 1488 (1st Cir. 1991) ("Testimony regarding the inchoate state of mind of a defendant does not fall within the category of allowable opinion testimony by lay witnesses.").

Moreover, in the event defendants attempt to elicit such testimony with other witnesses and even if the rational basis precondition of 701(a) is met, the Court should prohibit such testimony because it would not be helpful to jury within the meaning of 701(b). Other courts have ruled that such evidence is inadmissible in the context of bolstering a "good faith" defense. In *United States v. Hauert*, 40 F.3d 197, 201-203 (7th Cir. 1994), the defendant, on trial for tax evasion and willful

3

failure to file tax returns, offered lay opinion testimony to establish his "good faith belief" and the sincerity thereto relative to the income tax laws. The District Court prohibited admission of such testimony because such testimony dealt with "a totally subjective matter," namely the defendant's mental state and was therefore inappropriate. The Seventh Circuit affirmed the ruling, noting that "by the nature of a tax protestor case, defendant's beliefs about the propriety of his filing returns and paying taxes, which are closely related to defendant's knowledge about the tax laws and defendant's state of mind in protesting his taxpayer status, are ordinarily not a proper subject for lay witness opinion testimony absent careful groundwork and special circumstances not present here." Id. at 202. In other words, opinions of lay witnesses about the existence of and the degree of sincerity of the defendant "good faith" beliefs could not have assisted the jury or clarified an issue that the jury otherwise would not have been competent to comprehend for itself.

Here, any lay opinion testimony concerning the sincerity of the defendants' good faith beliefs would not be helpful to the jury within the meaning of Rule 701 in making a determination relative to the existence and sincerity of such belief. The jury is perfectly capable of making its own inferences of the mental state of the defendants based on the evidence adduced in trial. Accordingly, the jury does not need lay opinion testimony to clarify the witness' testimony or assist it in reaching its conclusions. Moreover, the defendants are free to establish facts from which the jury can make an inference that the defendants possessed a good faith belief without eliciting opinion testimony about the existence or extent of such good faith belief

Further, under Fed. R. Evid. 403, lay opinion testimony of an individual witness relative to the defendants' good faith is irrelevant to the ultimate issue before the jury: whether it finds that the defendants had the requisite mental state required by the charged offenses.

4

### C. Conclusion

This motion does not seek to restrict the defense of good faith, i.e., evidence of Defendants' state of mind at the time they committed the crimes. But, while it may be permissible for Defendants to contend that they genuinely believed their actions were in good faith, Defendants should not be allowed to elicit improper lay opinion testimony, to avoid cross-examination. Accordingly, the Government respectfully requests that the Court 1) limit the presentation of such future testimony; and 2) instruct the jury that the testimony elicited by the Defendants from witnesses Brenda Messer and Richard Turner relative to the defendants' mental state is irrelevant to the ultimate issue before the jury: whether it finds that the defendants had the requisite mental state required by the charged offenses.

Respectfully submitted this 15th day of November, 2009.

EDWARD R. RYAN, United States Attorney

s/Mark T. Odulio
Assistant United States Attorney
Mark T. Odulio Bar: State of Maryland
Attorney for the United States
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (office)
(704) 344-6629 (facsimile)
mark.odulio@usdoj.gov

## **CERTIFICATE OF SERVICE**

This Motion will be served on the pro se defendants via hand delivery at trial on November 16, 2009.

The undersigned hereby certifies that on this 15th day of November, 2009, the foregoing was duly served upon stand-by counsel for the defendants in the following manner:

By electronic notification from the Court to:

Angela G. Parrott,
Standby Counsel for Defendant (1) Kathy Ray Wahler
Federal Defenders of North Carolina
angela_parrott@fd.org

William R. Terpening.
Standby Counsel for Defendant (2) Edward William Wahler
Anderson Terpening PLLC
wt@houseofdefense.com

David Q. Burgess
Standby Counsel for Vincent Hughes
dburgess@dqblaw.com, akallenborn@dqblaw.com

                                                EDWARD R. RYAN
                                                UNITED STATES ATTORNEY

                                                s/Mark T. Odulio
                                                Assistant United States Attorney