UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| UNITED STATES OF AMERICA | ) | DOCKET NO. 1:08-CR-55 |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| 1) KATHY RAY WAHLER | ) | GOVERNMENT'S PROPOSED JURY |
| 2) EDWARD WAHLER | ) | INSTRUCTIONS |
| 3) LEWIS VINCENT HUGHES | ) | |
| | ) | |

NOW COMES the United States of America, by and through Edward R. Ryan, United States Attorney for the Western District of North Carolina, and proposes the attached jury instructions form for the Court's consideration in the above-captioned case.

Respectfully submitted this 18th day of November, 2009.

    EDWARD R. RYAN, United States Attorney

    s/Mark T. Odulio
    Assistant United States Attorney
    Mark T. Odulio Bar: State of Maryland
    Attorney for the United States
    227 West Trade Street, Suite 1650
    Charlotte, North Carolina 28202
    (704) 344-6222 (office)
    (704) 344-6629 (facsimile)
    mark.odulio@usdoj.gov

**OBJECT OF CONSPIRACY**

Count One alleges that the defendants and others knowingly and deliberately entered into a conspiracy to commit two different types of offenses against the United States: (1) mail fraud; and or (2) bank fraud. It is not necessary for the government to prove a conspiracy to commit both of the offenses. It is sufficient if the Government proves beyond a reasonable doubt that a conspiracy existed to commit one of the offenses. However, in order to return a verdict of guilty, you must unanimously agree on which one or more of the four types of offenses was the object of the conspiracy. If you cannot unanimously agree as to at least one such offense, you must find the defendant under consideration not guilty. I will provide you with a worksheet on which you may specify which, if any, of the four objects you have unanimously agreed.

You are reminded that a defendant is not required to know all details of a conspiracy or participate in every object of the conspiracy. He or she must only understand the goals and purpose of the agreement and deliberately enter into it. Neither is the Government required to prove that the members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.[1]

I will instruct you in a moment on the nature of the offenses of mail fraud, and bank fraud, which offenses are also alleged separately against certain of the defendants. You should refer to those instructions in determining whether the defendants conspired to commit these offenses as charged in Count One.

---

[1] 2 O'Malley, et al., Federal Jury Practices and Instructions: Criminal § 31.08 (5th ed. 2000).

## "OVERT ACT" – DEFINED

In order to sustain its burden of proof under Count One of the indictment, the Government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act and that this overt act was performed during the existence or life of the conspiracy and was done to somehow further the goal(s) of the conspiracy or agreement.

The term "overt act" means some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement. Although you must unanimously agree that the same overt act was committed, the Government is not required to prove more than one of the overt acts charged.

The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.[2] One more thing about overt acts. There is a limit on how much time the government has to obtain an indictment. For you to return a guilty verdict on the conspiracy charge, the government must convince you beyond a reasonable doubt that at least one overt act was committed for the purpose of advancing or helping the conspiracy after June 3, 2003.

---

[2] 2 O'Malley, *et al.*, <u>Federal Jury Practices and Instructions: Criminal</u> § 31.07 (5th ed. 2000); 6th Cir. Pattern Jury Instruction 3.04..

## *PINKERTON* **INSTRUCTION**

Finally with regard to Count One, I instruct you that a conspirator is responsible for offenses committed by his fellow conspirators if he or she was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of and as a foreseeable consequence of the conspiracy.

Therefore, if you find the defendants guilty of (1) the conspiracy charged in Count One and (2) if you find beyond a reasonable doubt that while he or she was a member of the conspiracy, one or more of his or her fellow conspirators committed one or more of the offenses in Counts 2 through 32 in furtherance of, and as a foreseeable consequence of that conspiracy, then you also should find the defendant(s) guilty of each such Counts.[3]

---

[3] Federal Criminal Jury Instructions of the Seventh Circuit, No. 5.10 (1999); *see United States v. Aramony*, 88 F.3d 1369, 1379 (4th Cir. 1996) (approving *Pinkerton* instruction in tax fraud case); *United States v. Cummings*, 937 F.2d 941, 944-45 (4th Cir. 1991) (quoting and finding "instructive" *United States v. Diaz,* 864 F.2d 544, 548-49 (7th Cir.1988)).

**COUNTS FIVE THROUGH THIRTY-TWO – ESSENTIAL ELEMENTS**

For you to find a particular defendant guilty of the bank fraud offenses charged in Counts Five through Thirty-two of the Bill of Indictment, the Government must prove, as to each count, the following three essential elements beyond a reasonable doubt as to that particular defendant:

First: That the defendant knowingly executed a scheme to defraud a financial institution or to obtain money under the control of a financial institution by means to materially false or fraudulent pretenses, representations or promises;

Second: That the defendant did so with the intent to defraud; and

Third: That the financial institution was then insured by the Federal Deposit Insurance Corporation ("FDIC") or was a Federal Reserve Bank or member of the Federal Reserve System.[4]

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of that scheme or that the alleged scheme actually succeeded in defrauding the bank. Nor is it necessary that each individual component of the scheme be illegal in order to find a scheme to defraud. It is sufficient that the whole scheme involved fraudulent conduct. Likewise, you may return a verdict of guilty on any of Counts 25 through 32 if you are convinced beyond a reasonable doubt that the government has proved the essential elements of either of the two bank fraud sub-sections that I have just listed.

In this regard, it is not a defense to the crime of bank fraud that the victim bank could have done something more than it did to prevent the fraud. In other words, if you find that the government has proved all of the elements of bank fraud beyond a reasonable doubt, it is no defense

---

[4] *See* 2B O'Malley, *et al.*, Federal Jury Practices and Instructions: Criminal § 47.11 (5th ed. 2000); 18 U.S.C. Section 20 (7).

that such fraud might not have occurred if the bank had better internal controls or had acted with greater care. Therefore, any evidence that the bank could have done something to prevent any fraud which you find occurred or evidence that the bank's procedures were somehow deficient should not be considered by you as an excuse or defense to any fraud which you find has been proved beyond a reasonable doubt.[5]

I have previously defined for you the terms "knowing," "intent," "scheme or artifice," "to defraud," "false pretenses, representation and promises." You are to apply these definitions as you consider whether the evidence proves beyond a reasonable doubt that the defendant under consideration committed bank fraud.

---

[5]*United States v. Moore*, 923 F.2d 920 (1st Cir. 1991).

6

Case 1:08-cr-00055-RLV-DCK   Document 146   Filed 11/18/09   Page 6 of 11

## MATERIALITY–DEFINED

A fact is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to whom or to which it is addressed. A false or fraudulent statement, representation, or promise can be material even if the decision maker did not actually rely on the statement, or even if the decision maker actually knew or should have known that the statement was false.[6]

---

[6] 11th Circuit Pattern Instruction No. 52.

## GOOD FAITH DEFENSE

The good faith of a defendant is a complete defense to the conspiracy and substantive charges because good faith on the part of a defendant is, simply, inconsistent with the intent to commit the objects of the conspiracy and the substantive offenses as charged in the indictment.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an error in management does not rise to the level of intent to defraud.

A defendant does not act in "good faith" if, even though he or she honestly holds a certain opinion or belief, that defendant also knowingly conspires to commit the objects of the conspiracy. Neither a disagreement with the requirements of the law, nor a belief that the laws are unconstitutional -- no matter how earnestly held - constitutes a defense of good faith, misunderstanding or mistake. A disagreement with the law, or a belief that the law should be other than what it is, no matter how earnestly believed, is not a defense and does not negate an intent to defraud. It is the duty of all citizens to obey the law whether they agree with it or not.

A defendant also does not act in "good faith" if the government proves beyond a reasonable doubt that he or she deliberately closed his or her eyes to what would otherwise have been obvious. While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

In determining whether or not the government has proven that the defendant under consideration acted with the intent alleged in this count or whether the defendant acted in good faith, the jury must consider all of the evidence in the case bearing on the defendant's state of mind.

8

Case 1:08-cr-00055-RLV-DCK   Document 146   Filed 11/18/09   Page 8 of 11

The burden of proving good faith does not rest with a defendant because a defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant under consideration acted with the intent alleged in this count.[7]

---

[7]*United States v. McLean*, 2005 WL 1009643,*4, (4th Cir. 2005)(unpublished)(approving good faith instruction and willful blindness instruction in mortgage fraud conspiracy prosecution where evidence showed that defendants "were aware or closed their eyes to the fact that the mortgage notes contained false information; that no houses were being sold in connection with these loans; and that "investors" were receiving money for signing and that they were not going to be obligated under the note"); *United States v. Mancuso*, 42 F.3d 836, 847 (4th Cir. 1994)(in a bank fraud conspiracy prosecution, approving the good faith instruction provided by the District Court which stated that "a person who acts, or causes another person to act, on a belief or opinion honestly held is not punishable under the law merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake or error in judgment does not rise to the level of knowledge, intent to defraud or willfulness required under the law"); *United States v. Dyer*, 750 F. Supp. 1278, 1294 (E.D. Va. 1990)(discussing good faith defense in conspiracy to distribute drug paraphernalia prosecution under 21 U.S.C. Section 857and holding that "a claim that a law is unconstitutional constitutes disagreement with the law, not a mistake of the law. And such a disagreement, no matter how earnestly held, is no defense").

9

## INTENTIONAL FLIGHT

"The intentional flight . . . of a defendant, is not, of course, sufficient in itself to establish his guilt, but is a fact which, if proved, may be considered by the jury in the light of all other evidence in the case, in determining guilt or innocence. Whether or not the evidence of flight . . . shows a consciousness of guilt and the significance to be attached to any such evidence, are matters exclusively within the province of the jury."[8]

---

[8] *United States v. Bollin*, 264 F.3d 391, 413 (4th Cir. 2001)(holding that evidence of a defendant's "flight may be relevant to show the guilt of that defendant"); *United States v. Gardner*, 1 F. App'x 108, 109 (4th Cir. 2001) (per curiam)(In sum, "[i]t is universally conceded today that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself"); *United States v. Touchstone,* 726 F.2d 1116, 1118-20 (6th Cir. 1984).

## CERTIFICATE OF SERVICE

This Motion will be served on the <u>pro se</u> defendants via hand delivery at trial on November 18th, 2009.

The undersigned hereby certifies that on this 18th day of November, 2009, the foregoing was duly served upon stand-by counsel for the defendants in the following manner:

By electronic notification from the Court to:

Angela G. Parrott,
Standby Counsel for Defendant (1) Kathy Ray Wahler
Federal Defenders of North Carolina
angela_parrott@fd.org

William R. Terpening.
Standby Counsel for Defendant (2) Edward William Wahler
Anderson Terpening PLLC
wt@houseofdefense.com

David Q. Burgess
Standby Counsel for Vincent Hughes
dburgess@dqblaw.com, akallenborn@dqblaw.com

        EDWARD R. RYAN
        UNITED STATES ATTORNEY

        s/Mark T. Odulio
        Assistant United States Attorney